## CIRCUIT COURT OF LANCASTER COUNTY

Duncan

    v.

Lamberth et al.

By JUDGE JOSEPH E. SPRUILL, JR.

January 5, 1990

On February 2, 1988, plaintiff, through her counsel, notified Dr. Lamberth, a physician, and White Stone Pharmacy, Inc., of her claims of medical malpractice arising April 25, 1987. The notice claims Dr. Lamberth prescribed too strong a dosage of medication and that White Stone Pharmacy filled the prescription.

On November 2, 1988, plaintiff, through other counsel, gave another Notice of Claim for Medical Malpractice arising on the same date, this time against Dr. Lamberth, and Cynthia Marchant, pharmacist. This notice alleges negligent diagnosis, care and treatment, and the negligent prescription of various drugs by Dr. Lamberth, and the failure of Mrs. Marchant, pharmacist, to properly label and adequately warn of the risks of the medications prescribed. White Stone Pharmacy, Inc., presumably Mrs. Marchant's employer, was not given notice of this claim.

On July 21, 1989, plaintiff filed a Motion for Judgment against Dr. Lamberth, Mrs. Marchant, and White Stone Pharmacy, Inc.

Defendant Lamberth moves to dismiss because plaintiff failed to give proper notice of the claims set forth in her Motion for Judgment. Further, he files a Special Plea

in Bar requesting that the allegations in the Motion for Judgment not properly noticed be dismissed.

Defendant Marchant requests dismissal because she was not named in or given notice of the claim lodged on February 2, 1988. White Stone Pharmacy, Inc., claims it should be dismissed because although named and noticed in the claim lodged on February 2, no allegations of negligence against the pharmacy are made. Further, the pharmacy was not named in the November 2, 1988, notice of claim nor were any acts of negligence alleged in said notice against it.

We first address the legal effect of the November 2, 1988, notice of claim. The allegations contained in this notice are broader in scope than those set out in the February 2, 1988, notice, but undeniably both notices relate to the same acts. The November notice is obviously a modification of the earlier notice. Virginia Code Section 8.01-581.2:1 requires leave of court to amend the notice of claim. No request to amend was made and none has been granted. Therefore, the November 2, 1988, Notice of Claim is invalid.

The February 2, 1988, notice does not name Mrs. Marchant as a party. Accordingly, as to her this case is dismissed. Further, the February 2, 1988, notice makes no allegations of negligence against White Stone Pharmacy, Inc. The mere filling of a prescription pursuant to a physician's directions is not negligence, in the Court's opinion, in the absence of some specific claim that the pharmacy knew, or should have known, of the hazards involved. No such claims are contained in the notice. Therefore, we are of the opinion that White Stone Pharmacy, Inc., should also be dismissed as a party to this proceeding.

Defendant Lamberth's Motion to Dismiss is denied. The prayer of defendant Lamberth's Special Plea in Bar is granted, and the allegations of the Motion for Judgment not properly noticed by the February 2, 1988, notice of claim shall be dismissed. Specifically, the alleged malpractice must be limited to Dr. Lamberth's prescribing an overdose of the medication.

February 26, 1990

The Court has been asked to reconsider its letter opinion of January 5, 1990, in view of the decision in *Hudson, Adm'x v. Surgical Specialists, Inc.*, [239 Va. 101], handed down by the Supreme Court of Virginia on January 12, 1990.

We concluded in our January 5th letter that any alleged malpractice by Dr. Lamberth must be limited to his prescribing an alleged overdose of medication. The *Hudson* opinion requires a clarification of this ruling. In *Hudson*, the Supreme Court found that "the notice of claim alleged acts of negligence that constituted only a peripheral part of the theory plaintiff espoused at trial." The Court held it was error to limit the evidence to the specific acts of negligence set forth in the notice of claim. The purpose of the notice, according to *Hudson* is simply to give a description of the alleged acts of malpractice sufficient to enable the defendant to identify the case.

In our case the notice of February 2, 1988, alleged that the doctor prescribed an overdose of a specific medication. Negligent diagnosis and failure to warn are acts sufficiently related to the principal allegation of the notice that it would be error, as we understand *Hudson*, to restrict plaintiff's evidence on these claims.